**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0812-20

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

EMMITT PATTERSON,
a/k/a DAVID AVIE,
EMMIT L. PATTERSON,
and EMMETT PATTERSON,

    Defendant-Appellant.

_____

Submitted January 20, 2022 – Decided February 2, 2022

Before Judges Haas and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 94-10-3570.

Emmitt Patterson, appellant pro se.

Theodore N. Stephens, II, Acting Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Emmitt Patterson appeals from the Law Division's August 31, 2020 order denying his motions for a new trial and to correct an illegal sentence. We affirm.

Following a trial, a jury convicted defendant of felony murder, N.J.S.A. 2C:11-3(a)(3); aggravated manslaughter, N.J.S.A. 2C:11-4(a); two counts of armed robbery, N.J.S.A. 2C:15-1; conspiracy to commit robbery, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:15-1; aggravated assault, N.J.S.A. 2C:12-1(b)(1); unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); and possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a). On February 16, 1996, the trial court sentenced defendant to an aggregate term of thirty years to life in prison with thirty years of parole ineligibility.

Over twenty-three years later, defendant filed a pro se motion for a new trial. Defendant asserted that his trial was scheduled to begin on September 18, 1995. On that date, however, the prosecutor provided defendant's attorney with additional discovery. This material included a police report concerning a statement defendant made to a police officer, a ballistics report, and a photograph of defendant's gunshot wound. The prosecutor also advised defense counsel that a co-defendant intended to plead guilty and testify for the State at the trial.

In view of this development, the trial court adjourned the hearing for several months. Because defendant's attorney had a commitment to participate in another trial out of state, he arranged to have another public defender appointed to represent defendant. Defendant's attorney submitted letters he sent to defendant in September 1995 advising him of the new discovery. The attorney also advised the trial court that defendant "indicated to me [after September 18, 1995,] that he wants a trial in his case and will refuse all plea offers."

In his motion for a new trial, defendant argued the discovery constituted "newly discovered evidence" that now warranted a new trial. He also asserted his sentence was illegal because he could not properly consider the State's plea offer without having that discovery.

In her August 31, 2020 written decision, Judge Mayra Velez Tarantino considered defendant's contentions and denied his motions. The judge found that defendant received the new discovery prior to his trial and, therefore, it did not constitute newly discovered evidence requiring a new trial. The judge also concluded that defendant's life sentence was not illegal under the New Jersey Criminal Code.

On appeal, defendant raises the following contentions:

3

THE COURT ERRED IN DENYING THE DEFENDANT'S MOTIONS FOR A NEW TRIAL AND TO CORRECT AN ILLEGAL SENTENCE WITHOUT ORAL ARGUMENT, AN OPPORTUNITY FOR THE ISSUES TO BE BRIEFED, WITHOUT AN EVIDENTIARY HEARING ON THE CLAIMS THAT WERE SUPPORTED BY CERTIFICATIONS, AND FAILED TO MAKE ANY FINDINGS OF FACTS AND CONCLUSIONS OF LAW, THEREFORE THE ORDER SHOULD BE REVERSED AND THE MATTER SHOULD BE REMANDED FOR A HEARING ON DEFENDANT'S CLAIMS.

We have considered defendant's contentions in light of the record and the applicable legal principles, and conclude they are without sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons set forth in Judge Tarantino's thoughtful decision and add the following brief comments.

To secure a new trial based on newly discovered evidence, a

> defendant must show that the evidence is 1) material, and not "merely" cumulative, impeaching, or contradictory; 2) that the evidence was discovered after completion of the trial and was "not discoverable by reasonable diligence beforehand"; and 3) that the evidence "would probably change the jury's verdict if a new trial were granted."
>
> [State v. Ways, 180 N.J. 171, 187 (2004) (quoting State v. Carter, 85 N.J. 300, 314 (1981)).]

All three prongs must be established.

4

In applying this three-part test, Judge Tarantino properly found that defendant learned of the existence of the discovery before the trial began, and the trial court then adjourned the trial for several months to give defendant extra time to review the materials with his new attorney. Because defendant had all of the State's discovery prior to the trial, he obviously failed to meet prong two of the test. Therefore, Judge Tarantino properly denied defendant's motion for a new trial.

We also reject defendant's argument that the State violated Brady v. Maryland, 373 U.S. 83 (1963). Under Brady, the State must turn over exculpatory material in its possession or under its control to the defense. Id. at 87. Here, the State disclosed the discovery before the trial began.

Although defendant now claims he might have accepted the State's plea offer if he had received this information sooner, defendant submitted his prior attorney's September 29, 1995 letter to the trial court as part of his motion papers. In that letter, the attorney advised the court that "[a]fter a complete discussion of the case, [defendant] indicated to me that he wants a trial in his case and will refuse all plea offers." Thus, defendant's newly minted claim lacks merit.

A-0812-20

We also reject defendant's argument that his sentence was illegal. Rule 3:21-10(b)(5)(a) allows a defendant to "correct[] a sentence not authorized by law including the Code of Criminal Justice" at any time. (emphasis added.) However, defendant's life sentence was fully authorized by N.J.S.A. 2C:11-3(b)(1). That statute permits the court to sentence a defendant convicted of murder "to a specific term of years which shall be between [thirty] years and life imprisonment of which the person shall serve [thirty] years before being eligible for parole." Ibid. Therefore, defendant's sentence was legal.

Defendant's remaining arguments also lack merit. Defendant did not ask for oral argument in his notices of motion. Instead, he stated he would "rely on the certifications" he submitted in support of the motions. There was no need for an evidentiary hearing because there were no material issues of disputed fact that could not be resolved by reference to the existing record. See R. 3:22-10(b). Finally, Judge Tarantino's findings of fact and conclusions of law fully explained the bases for her decision. See R. 3:29 (requiring the trial court to "place on the record the reasons supporting its decision on . . . application[s] for . . . [a] change or reduction of sentence, or other disposition of a criminal matter.").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6

A-0812-20